Electronically Filed

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| | ) |
| TARRUS L. RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - against - | )   12-cv-08451-JGK |
| | ) |
| TYSON PRATCHER and RAUDLINE | ) |
| ETIENNE, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ANSWER OF DEFENDANT TYSON PRATCHER

In response to the specific allegations in the separately numbered paragraphs of the Complaint ("Complaint") of plaintiff Tarrus L. Richardson ("Plaintiff"), Defendant Tyson Pratcher ("Pratcher" or "Defendant"), by and through his counsel, states as follows:

## GENERAL RESPONSE

Defendant denies each and every allegation contained in the Complaint, except as specifically herein admitted. Moreover, any factual averment admitted herein is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Complaint as a whole. In addition, Defendant specifically denies any allegations contained in headings, defined terms, or unnumbered paragraphs in the Complaint.

This General Response is incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

## SPECIFIC RESPONSES

### RESPONSE TO
### *PRELIMINARY STATEMENT*

1.      Defendant denies each and every allegation contained in Paragraph 1 of the Complaint, except admits that Defendant Tyson Pratcher is an Assistant Comptroller in the Office of the New York State Comptroller; admits that Defendant Raudline Etienne was formerly the Chief Investment Officer of the New York State Common Retirement Fund (the "Common Fund"); and admits that Plaintiff bases his Complaint, in part, on 42 U.S.C. § 1983 and his allegation (which Defendant specifically denies) that Defendants violated his constitutional rights.

2.      Defendant denies each and every allegation contained in Paragraph 2 of the Complaint.

### RESPONSE TO
### *PARTIES*

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 3 of the Complaint, except admits that Plaintiff was formerly affiliated with ICV Capital Partners, LLC ("ICV"), and that ICV is an minority-owned private equity investment firm based in New York. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 3 regarding Plaintiff's employment relationship with ICV, and specifically denies each and every remaining allegation contained in the third sentence of Paragraph 3 of the Complaint.

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, Defendant admits that he is an Assistant Comptroller in the Office of the New York State Comptroller; admits that, at all times relevant to the allegations in the Complaint, his duties

included responsibility for the Emerging Manager Program of the Common Fund; admits that the Emerging Manager Program focuses on, among other things, investment funds that are managed by women and minority managers; and, except as so admitted, denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.      With respect to the allegations contained in Paragraph 5 of the Complaint, Defendant admits that Defendant Raudline Etienne was, at all times relevant to the allegations in the Complaint, the Chief Investment Officer of the Common Fund, and that, as such, she advised the Comptroller on investment decisions in the Comptroller's role as sole trustee of the Common Fund, but denies knowledge or information sufficient to form a belief as to the precise dates that Defendant Raudline Etienne served as Chief Investment Officer of the Common Fund.

## RESPONSE TO
### *JURISDICTION AND VENUE*

6.      The allegations contained in Paragraph 6 of the Complaint state legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      The allegations contained in Paragraph 7 of the Complaint state legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      The allegations contained in Paragraph 8 of the Complaint state legal conclusions as to which no response is required, but to the extent a response is required, Defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, except admits that Defendant works in the Comptroller's

offices in Manhattan.

## RESPONSE TO
## *FACTUAL BACKGROUND*

## RESPONSE TO
## *Mr. Richardson's Successful Private Equity Career At ICV*

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, except admits that ICV is a minority-owned enterprise.

11.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

16.     Defendant denies each and every allegation contained in Paragraph 16 of the Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except specifically denies that any of the alleged actions taken by Willie Woods ("Woods") were a consequence of any of

the Defendant's acts.

## RESPONSE TO
### *A 2010 Study Commissioned by the New York State Legislature Found Both Statistical and Anecdotal Evidence of Business Discrimination Against MWBEs*

18.     With respect to the allegations contained in Paragraph 18 of the Complaint, Defendant respectfully refers the Court to the April 2010 study commissioned by the New York State Legislature cited therein for its true content and meaning, and respectfully refers the Court to the cited report of the National Association of Investment Companies ("NAIC") entitled "Recognizing the Results" for its true content and meaning; and except as so referred, denies each and every remaining allegation contained in Paragraph 18 of the Complaint.

## RESPONSE TO
### *Advocacy For Minority Business Enterprises Has Always Been Of Fundamental Interest To Mr. Richardson*

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     With respect to the allegations contained in Paragraph 20 of the Complaint, Defendant admits that Plaintiff played a role in founding the Council of Urban Professionals ("CUP"), that Plaintiff served for a time as CUP's Board Chair, and that CUP is a nonprofit organization that seeks to promote the interests of urban professionals; and except as so admitted, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 21 of the Complaint; and specifically denies each and every allegation contained in the second sentence of Paragraph 21 of the Complaint.

**RESPONSE TO**
***In 2009, An Historic New York MWBE Coalition Formed And Successfully Advocated For***
***Four MWBE Bills***

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, except Defendant admits that four bills relating to minority and women business enterprises ("MWBEs") were introduced in the New York State Legislature in the spring of 2010; admits that one of those bills was proposed bill S.6888, and respectfully refers the Court to S.6888 for its true content and meaning; and admits that S.6888 sought to impose requirements for the use of MWBEs in managing the investment of funds held in New York state pension plans, including the Common Fund, the New York State Teachers Retirement System, and the New York State Insurance Fund.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint, except Defendant admits that S.6888 was sponsored by Senator Ruth Hassel-Thompson and Assemblywoman Crystal Peoples-Stokes (the "Bill Sponsors").

27.     Defendant denies the allegations contained in Paragraph 27 of the Complaint, except admits that the Comptroller's Office had concerns with respect to the legality and wisdom

of certain provisions of S.6888 as it was initially drafted – including one provision that proposed a fifteen percent numerical target for the allocation of contracts to manage state pension fund money to MWBE firms and another provision stating that only MWBE firms located within the State of New York could be counted towards meeting that target – because, among other reasons, such provisions interfered with the fiduciary obligations of the New York State Comptroller as the sole trustee of the Common Fund; admits that these provisions were ultimately removed from S.6888 as it was finally enacted; and admits that the bill was ultimately passed by the New York State Legislature and signed into law by Governor David Paterson.

### RESPONSE TO
### *Mr. Richardson Was Pressured By The Comptroller's Office To Modify The Proposed Legislation To Suit The Political Views Of The Comptroller's Office*

28.     With respect to the allegations contained in Paragraph 28 of the Complaint, Defendant admits that he is an appointee of Comptroller Thomas P. DiNapoli, and that he was, at all relevant times, responsible for the Common Fund's Emerging Manager Program; admits that in June 2010, Plaintiff approached Defendant during a break at the Emerging Manager and Plan Sponsor Conference; admits that Plaintiff accosted Defendant in a rude, hostile, and unprofessional manner because the Comptroller's Office was allegedly not supporting S.6888; admits that Defendant explained the basis for the Comptroller's concerns about certain provisions of S.6888; and, except as so admitted, denies each and every remaining allegation contained in Paragraph 28 of the Complaint.

29.     Defendant denies each and every allegation contained in Paragraph 29 of the Complaint

30.     With respect to the allegations contained in the first two sentences of Paragraph 30 of the Complaint, Defendant admits that he explained that the Comptroller's Office was opposed to two provisions of S.6888 and the basis for the Comptroller's concerns, and that he

urged that they be deleted from the bill; and except as so admitted, denies each and every remaining allegation contained in the first two sentences of Paragraph 30 of the Complaint. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of Paragraph 30 of the Complaint.

31.     With respect to the allegations contained in Paragraph 31 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first seven sentences of Paragraph 31; admits that, after the New York State Comptroller met with legislators, the disputed provisions of S.6888 were ultimately removed from S.6888; admits that S.6888 was enacted by the State Legislature and signed into law by Governor Paterson; and, except as so admitted and denied, denies each and every remaining allegation contained in Paragraph 31 of the Complaint.

### RESPONSE TO
### *After The Legislation Was Enacted, Defendants Etienne and Pratcher Retaliated Against  Mr. Richardson*

32.     With respect to the allegations contained in Paragraph 32 of the Complaint, Defendant denies each and every allegation contained in the first sentence in Paragraph 32; admits that in July 2010 the Common Fund had funds invested in ICV's Fund II and that ICV had a $10 million proposal for a planned new fund, ICV Growth, pending before the Emerging Manager Program; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint.

33.     With respect to the allegations contained in Paragraph 33 of the Complaint, Defendant admits that Mr. Woods requested a meeting with him to discuss Defendant's concerns with Plaintiff's conduct, and that the requested meeting took place during business hours at the Comptroller's Office in Manhattan; and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33

of the Complaint.

34.    With respect to the alleged meeting between Defendant and Mr. Woods, Defendant denies each and every allegation contained in Paragraph 34 of the Complaint, except Defendant admits that he met with Mr. Woods and explained, at Mr. Woods' request, his view of Plaintiff's threats, rudeness, and unprofessional conduct, including Plaintiff's false representations, made directly and through other CUP members, that CUP had communicated the Comptroller's Office's objections to the Bill Sponsors and that the Bill Sponsors had rejected the Comptroller's Office's positions.  With respect to the alleged meeting between Mr. Woods and Ms. Etienne, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.    Defendant denies each and every allegation contained in Paragraph 35 of the Complaint.

36.    Defendant denies each and every allegation contained in Paragraph 36 of the Complaint, except that Defendant admits that at the time of his meeting with Mr. Woods, he was a state investment official and that ICV was a firm that had a contract to manage Common Fund investment capital and was preparing a future application to manage the investment of additional state pension funds; denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning his meeting with Ms. Etienne; and denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning Mr. Woods' alleged testimony and Mr. Woods' alleged state of mind in leaving his meetings with Defendant or Ms. Etienne.

37.    Defendant denies each and every allegation contained in Paragraph 37 of the Complaint.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     With respect to the allegations contained in Paragraph 39 of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Mr. Woods' alleged testimony or the ruling of the arbitrator; and, except as so denied, denies each and every remaining allegation contained in Paragraph 39 of the Complaint.

**RESPONSE TO**
***Defendants' Retaliation Against Mr. Richardson Created A Chilling Effect Within The MWBE Coalition***

40.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Defendant denies each and every allegation contained in the first sentence of Paragraph 41 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the second and third sentences of Paragraph 41 of the Complaint.

42.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant denies each and every allegation contained in Paragraph 44 of the Complaint.

45.     Defendant denies each and every allegation contained in Paragraph 45 of the Complaint.

Electronically Filed

**RESPONSE TO**
***AS AND FOR A FIRST CAUSE OF ACTION***
***PURSUANT TO 42 U.S.C. § 1983 (FREEDOM OF SPEECH)***

46.     In response to Paragraph 46 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-45.

47.     In response to Paragraph 47 of the Complaint, Defendant respectfully refers the Court to 42 U.S.C. § 1983 for its true content and meaning.

48.     In response to Paragraph 48 of the Complaint, Defendant respectfully refers the Court to the First Amendment of the United States Constitution for its true content and meaning.

49.     Defendant denies each and every allegation contained in Paragraph 49 of the Complaint.

50.     Defendant denies each and every allegation contained in Paragraph 50 of the Complaint.

51.     Defendant denies each and every allegation contained in Paragraph 51 of the Complaint.

52.     Defendant denies each and every allegation contained in Paragraph 52 of the Complaint.

53.     Defendant denies each and every allegation contained in Paragraph 53 of the Complaint.

**RESPONSE TO**
***AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO***
***NEW YORK STATE CONSTITUTION ARTICLE 1, SECTION 8***
***(RETALIATION FOR VIOLATION OF FREEDOM OF SPEECH)***

54.     In response to Paragraph 54 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-

Electronically Filed

53.

55.     In response to Paragraph 55 of the Complaint, Defendant respectfully refers the Court to New York State Constitution, Article 1, Section 8, for its true content and meaning.

56.     Defendant denies each and every allegation contained in Paragraph 56 of the Complaint.

57.     Defendant denies each and every allegation contained in Paragraph 57 of the Complaint.

58.     Defendant denies each and every allegation contained in Paragraph 58 of the Complaint.

59.     Defendant denies each and every allegation contained in Paragraph 59 of the Complaint.

60.     Defendant denies each and every allegation contained in Paragraph 60 of the Complaint.

**RESPONSE TO**
***AS AND FOR A THIRD CAUSE OF ACTION PURSUANT***
***TO 42 U.S.C. SECTION 1983 (FREEDOM OF ASSOCIATION)***

61.     In response to Paragraph 61 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-60.

62.     Defendant denies each and every allegation contained in Paragraph 62 of the Complaint.

63.     Defendant denies each and every allegation contained in Paragraph 63 of the Complaint.

64.     Defendant denies each and every allegation contained in Paragraph 64 of the

Complaint.

65.     Defendant denies each and every allegation contained in Paragraph 65 of the Complaint.

**RESPONSE TO**
**AS AND FOR A FOURTH CAUSE OF ACTION (PURSUANT TO NEW YORK STATE**
**CONSTITUTION ARTICLE 1, SECTION 9) (FREEDOM OF ASSOCIATION)**

66.     In response to Paragraph 66 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-65.

67.     In response to Paragraph 67 of the Complaint, Defendant respectfully refers the Court to New York State Constitution, Article 1, Section 9(1) for its true content and meaning.

68.     Defendant denies each and every allegation contained in Paragraph 68 of the Complaint.

69.     Defendant denies each and every allegation contained in Paragraph 69 of the Complaint.

70.     Defendant denies each and every allegation contained in Paragraph 70 of the Complaint.

71.     Defendant denies each and every allegation contained in Paragraph 71 of the Complaint.

**RESPONSE TO**
**AS AND FOR A FIFTH CAUSE OF ACTION PURSUANT TO**
**42 U.S.C. § 1983 (RIGHT TO PETITION THE GOVERNMENT)**

72.     In response to Paragraph 72 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-71.

73.     Defendant denies each and every allegation contained in Paragraph 73 of the Complaint.

74.     Defendant denies each and every allegation contained in Paragraph 74 of the Complaint.

75.     Defendant denies each and every allegation contained in Paragraph 75 of the Complaint.

76.     Defendant denies each and every allegation contained in Paragraph 76 of the Complaint.

**RESPONSE TO**
***AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO***
***NEW YORK STATE CONSTITUTION ARTICLE 1, SECTION 9***
***(RIGHT TO PETITION THE GOVERNMENT)***

77.     In response to Paragraph 77 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-76.

78.     In response to Paragraph 78 of the Complaint, Defendant respectfully refers the Court to New York State Constitution Article I, Section 9(1) for its true content and meaning.

79.     Defendant denies each and every allegation contained in Paragraph 79 of the Complaint.

80.     Defendant denies each and every allegation contained in Paragraph 80 of the Complaint.

81.     Defendant denies each and every allegation contained in Paragraph 81 of the Complaint.

82.     Defendant denies each and every allegation contained in Paragraph 82 of the Complaint.

Electronically Filed

**RESPONSE TO**
***AS AND FOR A SEVENTH CAUSE OF ACTION***
***(TORTIOUS INTERFERENCE WITH CONTRACT)***

83.     In response to Paragraph 83 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-82.

84.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint.

85.     Defendant admits that he knew that Plaintiff was affiliated with ICV; and, except as so admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Defendant denies each and every allegation contained in Paragraph 86 of the Complaint.

87.     Defendant denies each and every allegation contained in Paragraph 87 of the Complaint.

**RESPONSE TO**
***AS AND FOR AN EIGHTH CAUSE OF ACTION***
***(TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)***

88.     In response to Paragraph 88 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-87.

89.     Defendant admits that at the time of his meeting with Mr. Woods, Defendant knew that the Common Fund had an investment in ICV Fund II and that ICV was in the process of organizing a new fund, ICV Growth, in which it was seeking additional Common Fund investments; denies that, at the time of his meeting with Mr. Woods, Defendant knew that ICV

was planning a new fund called ICV Fund III; and, except as so admitted or denied, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies each and every allegation contained in Paragraph 90 of the Complaint.

91.     Defendant denies each and every allegation contained in Paragraph 91 of the Complaint.

92.     Defendant denies each and every allegation contained in Paragraph 92 of the Complaint.

**RESPONSE TO**
***AS AND FOR THE NINTH CAUSE OF ACTION***
***(AIDING AND ABETTING BREACH OF FIDUCIARY DUTY)***

93.     In response to Paragraph 93 of the Complaint, Defendant repeats and incorporates as if fully set forth herein each and every response to the allegations contained in Paragraphs 1-92.

94.     Defendant denies each and every allegation contained in Paragraph 94 of the Complaint.

95.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies each and every allegation contained in Paragraph 96 of the Complaint.

97.     Defendant denies each and every allegation contained in Paragraph 97 of the Complaint.

98.     Defendant denies each and every allegation contained in Paragraph 98 of the

Electronically Filed

Complaint.

Defendant denies that Plaintiff is entitled to a judgment or any other relief as requested in the unnumbered "WHEREFORE" paragraph following Paragraph 98 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant is entitled to absolute immunity from the claims raised in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant is entitled to qualified and/or good faith immunity from the claims raised in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred because Defendant's alleged statements or actions were not the proximate cause or cause in fact of any alleged injury or alleged loss suffered by Plaintiff, as any alleged injury or damages suffered by Plaintiff were caused in whole or in part by the acts or omissions of others for whose conduct Defendant is not responsible, and were the result of pre-existing, intervening or superseding events, factors, occurrences, or conditions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct would have been the same even in the absence of Plaintiff's alleged constitutionally protected activity and even if Defendant had not allegedly had the alleged retaliatory motive. *See Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle*, 429 U.S. 274, 287 (1977); *Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998).

### SIXTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred, in whole or in part, because Defendant acted in good faith, did not act with malice, did not act with the purpose of harming Plaintiff, and did not employ improper or unfair means.

### SEVENTH AFFIRMATIVE DEFENSE

Certain of Plaintiff's claims are barred, in whole or in part, because Defendant's alleged conduct was justified under the circumstances and was in furtherance of the proper performance of his duties as Assistant Comptroller and in furtherance of the fiduciary obligations and other legitimate economic or legal interests of the Comptroller's Office.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims under state law are barred as untimely because, under New York Court of Claims Act § 10, Plaintiff was required by law to have filed his claims within a specified period of time after their accrual and he failed to file his claims within the specified time.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of judicial estoppel, res judicata, and/or issue preclusion.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred, in whole or in part, by his unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendant are barred by Plaintiff's failure to mitigate his damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks punitive damages, punitive damages are not

recoverable because the allegations in the Complaint are legally insufficient to support a claim for punitive damages against Defendant and because Defendant did not act with common-law malice.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the Complaint seeks punitive damages, Plaintiff's punitive damages claims against Defendant cannot be sustained because any award of punitive damages in this case would violate Defendant's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, as well as the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, and the analogous provisions contained in the Constitution of the State of New York.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff attempts to seek equitable relief, Plaintiff is not entitled to such relief because he has an adequate remedy at law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring some or all of the claims in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent there are alternative avenues for redress under the law.

Defendant hereby gives notice that he intends to rely upon any other and additional defense that is now or may become available or appear during or as a result of discovery proceedings in this action, and reserves the right to amend his answer to assert such defense.

WHEREFORE, Defendant Tyson Pratcher denies all allegations not specifically admitted, referred, denied, qualified, or otherwise responded to, and denies that Plaintiff is

entitled to the relief sought or any relief whatsoever, and Defendant prays that this Court dismiss

the Complaint filed herein, award judgment to Defendant Tyson Pratcher, award Defendant his

costs of suit, including attorneys' fees, and grant Defendant such other relief as the Court deems

just and appropriate.

Dated: February 7, 2013
      New York, New York

                                   Respectfully submitted,

                                   HOGAN LOVELLS US LLP

                                   By: s/  Ira M. Feinberg_____
                                   Ira M. Feinberg, Esq.
                                   Theresa M. House, Esq.
                                   875 Third Avenue
                                   New York, New York 10022
                                   Tel.  (212) 918-3000
                                   Fac.  (212) 918-3100
                                   Email: ira.feinberg@hoganlovells.com
                                   Email: theresa.house@hoganlovells.com

                                   *Attorneys for Defendant Tyson Pratcher*

Electronically Filed

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 7, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

John Siegal
Samir Kher Ranade
Baker & Hostetler LLP (NYC)
45 Rockefeller Plaza
New York City, NY 10111
Tel.: (212) 589-4200
Fax: (212) 589-4201
Email: jsiegal@bakerlaw.com
Email: sranade@bakerlaw.com

Richard L. Brodksy
2121 Saw Mill River Road
White Plains, NY 10607
Tel.: (914) 720-8830
Email: richardbrodsky@msn.com

Stuart Evan Kahan
Oxman Tulis Kirkpatrick Whyatt & Geiger, LLP
120 Bloomingdale Road
White Plains, NY 10605
Tel.: (914) 422-3900
Fax: (914) 422-3636
Email: skahan@oxmanlaw.com

*Attorneys for Plaintiff*

s/  Ira M. Feinberg_____
Ira M. Feinberg, Esq.