

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

April 24, 2015

**By ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Richardson v. Pratcher and Etienne*, Docket No. 12-cv-08451 (JGK)

Dear Judge Koeltl:

I am writing to raise an issue that we would like to discuss with the Court on Monday morning. In particular, I respectfully request permission to elicit limited testimony about Mr. Richardson's arbitration against ICV during my examination of Mr. Woods on Monday, and at other future points in the trial. We do not seek to elicit information about what the specific claims were in the arbitration, and certainly do not intend to elicit any information about the rulings by the arbitrator or the amount of the award. But it is very important to Defendants' case that we be able to elicit (1) that Mr. Woods (and Mr. Richardson) gave the deposition testimony that has been discussed at trial in the course of the arbitration, not in earlier proceedings in this case; (2) that the parties were different, and did not include the defendants or anyone else from the Comptroller's Office; (3) that the issues were different, and were focused on the relationship between plaintiff and ICV, not the conduct of the defendants; (4) that the available discovery was different, and the parties did not have access to any of the documentation we now have from the Comptroller's Office, Seth Bryant, CUP, or the lobbying firm, State & Broadway, regarding the history of the legislation; and (5) that Mr. Richardson's interests were different, and he was focused on showing that his conversations with Defendants were not the cause of the failure of ICV Growth, whereas here he is focused on showing that they were. Plaintiff will not be prejudiced at all by this limited disclosure of information about the arbitration; indeed, as the Court has noted, Plaintiff himself testified about that fact there was a prior arbitration that he brought against ICV, and that the scope of discovery was limited. *See* Trial Tr. (April 21, 2015), at 214:3-5 ("I went through this arbitration to try to find truth with my firm, and it turns out you can't get truth with half the information.").

As explained below, however, Defendants would be substantially prejudiced if they are unable to bring out for the jury that the testimony they have heard was made in the course of an arbitration in which the issues, parties, interests and scope of discovery were very different.

During Mr. Woods' cross-examination yesterday, Mr. Siegal questioned Mr. Woods extensively about the testimony that he gave during his deposition in the arbitration, among other

Hogan Lovells US LLP is a limited liability partnership registered in the District of Columbia.  Hogan Lovells refers to the international legal practice comprising Hogan Lovells US LLP, Hogan Lovells International LLP, Hogan Lovells Worldwide Group (a Swiss Verein), and their affiliated businesses with offices in:  Abu Dhabi   Alicante   Amsterdam   Baltimore   Beijing   Berlin   Brussels   Caracas   Colorado Springs   Denver   Dubai   Dusseldorf   Frankfurt   Hamburg   Hanoi   Ho Chi Minh City   Hong Kong   Houston   London   Los Angeles   Madrid   Miami   Milan   Moscow   Munich   New York   Northern Virginia   Paris   Philadelphia   Prague   Rome   San Francisco   Shanghai   Silicon Valley   Singapore   Tokyo   Ulaanbaatar   Warsaw   Washington DC   Associated offices: Budapest   Jeddah   Riyadh   Zagreb
\\NY - 040716/000001 - 4188976 v2

things to demonstrate that Mr. Woods had previously testified that the Defendants were allegedly concerned with Mr. Richardson's involvement in the legislation rather than Mr. Richardson's conduct during the conversations he had with them about the legislation. Defendants need to be able to explain to the jury that Mr. Woods' prior testimony is not inconsistent with his testimony in this case, because the distinction between Mr. Richardson's "involvement in the legislation" and Mr. Richardson's conduct during his conversations with Defendants that arose out of the pending legislation was of no significance to the issues in the arbitration, and Mr. Woods was simply not focused on that fine distinction, even though it may have acquired greater significance in the context of this case. Mr. Woods needs to be able to explain that in his testimony in his arbitration deposition he may have referred to Defendants' concerns about "the legislation" at times as a shorthand for Defendants' concerns about the Plaintiff's conduct during conversations that took place in the context of the legislation, and that at all times, he understood it was the Plaintiff's conduct that was the concern, not his involvement in the legislation per se.

To make this showing, it will be necessary to elicit testimony from Mr. Woods about the context of his prior testimony, including the fact that it took place in an arbitration proceeding between ICV and Mr. Richardson arising out of Mr. Richardson's departure from ICV, that neither the Defendants' nor the Comptroller's Office were involved in that proceeding, and that the distinction between the Plaintiff's involvement in the legislation and Plaintiff's conduct in connection with it was simply not material to the issues before the arbitration or to Mr. Woods' thinking about the issues then pending.

Disallowing this limited examination would cause substantial prejudice to Defendants. Obviously, Mr. Woods' credibility is a significant issue in this case. Without permitting Mr. Woods to explain the circumstances of his prior testimony in the arbitration, the jury may incorrectly assume that his prior testimony was given in an earlier stage of *this litigation*, where the distinction between Mr. Richardson's conduct and his involvement in the legislation generally is front and center.

Similarly, we respectfully request leave to examine Mr. Woods, briefly, about the scope of discovery in the arbitration proceedings. Specifically, we seek to establish that the parties in the arbitration did not subpoena documents from CUP, the Office of the State Comptroller, and others. We intend to establish through his testimony that the bulk of the emails admitted in evidence in this case—which demonstrate Mr. Richardson's extensive involvement in the legislation—were not available to the parties in the arbitration, which gave Mr. Richardson the opportunity to testify, without contradiction by documentary evidence, that he was *not* involved in the legislation. This line of inquiry goes directly to Mr. Richardson's credibility, an issue of paramount importance in this case.

Moreover, we intend to call Natasha Waglow to testify during the Defendants' case. Ms. Waglow was an associate at O'Melveny & Myers in 2011, and worked on ICV's defense in the arbitration. She took detailed notes of the testimony at the arbitration – which was not transcribed – and we plan to call her to testify about the testimony that Mr. Richardson gave at the arbitration about ICV Growth, which was dramatically different than the testimony he has given in our case. In order for Ms. Waglow's testimony to make any sense to the jury, it is essential that we be able to elicit the context for Mr. Richardson's testimony, including the different interests that he may have had at that time.

Permitting these limited examinations about the arbitration will not prejudice Mr. Richardson. As noted above, he himself volunteered the fact that he had filed an arbitration against ICV. Moreover, Mr. Richardson opened the door to the limited testimony we request through his cross-examination of Mr. Woods, in which he is attempting to show that Mr. Woods' testimony in the arbitration was inconsistent with his testimony in this case. Permitting the limited examination we

Hon. John G. Koeltl - 3 - April 24, 2015

request above would simply give the jury the complete record, so that they can fairly evaluate whether that line of cross-examination in fact detracts from Mr. Woods' credibility.

We thank the Court for its consideration of these requests.

Respectfully submitted,

s/ Ira M. Feinberg

Ira M. Feinberg

ira.feinberg@hoganlovells.com
Tel. (direct):  (212) 918-3509

cc (by e-mail):   John Siegal, Esq.
　　　　　　　　　Samir K. Ranade, Esq.
　　　　　　　　　Richard L. Brodsky, Esq.

\\NY - 040716/000001 - 4188976 v2