# BakerHostetler

Baker & Hostetler LLP

45 Rockefeller Plaza
New York, NY 10111

T 212.589.4200
F 212.589.4201
www.bakerlaw.com

John Siegal
direct dial: 212.589.4245
jsiegal@bakerlaw.com

May 6, 2015

**VIA FAX AND ECF**

Hon. John G. Koeltl
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Richardson v. Pratcher and Etienne*, Docket No. 12-cv-08451 (JGK)

Dear Judge Koeltl:

We write in response to the letter submitted at 10:30 P.M. last night regarding Defendants' continued objections to the Court's proposed jury charge. For the reasons set forth below, each of Defendants' contentions is unpersuasive and should be rejected.

## I. The Court's "Substantial or Important" Motivating Factor Language Properly Instructs the Jury

The Court's proposed charge contains a lengthy and detailed instruction on the third element of Plaintiff's *prima facie* First Amendment case. The charge instructs the jury that Plaintiff must show that his protected activity was a motivating factor in an adverse action taken by each Defendant, and then explicitly states that "[a] motivating factor is a factor that played a substantial or important part in the decision." (p. 23.) The charge further provides that if Plaintiff's protected conduct "played a substantial part" in Defendants' decision to take action against Plaintiff, this element has been satisfied. (*Id.*) The charge reinforces this concept when describing the *Mt. Healthy* defense, by noting that even if a Defendant took an adverse action against the Plaintiff "in substantial part" because of the Plaintiff's protected activity, that defendant can still avoid liability by showing that (s)he would have acted anyway even in the absence of Plaintiff's protected activity. (p. 24.)

This language is a proper recitation of black-letter Second Circuit law on the standard for Plaintiff's initial causal burden. *Johnson v. Ganim*, 342 F.3d 105, 112 (2d Cir. 2003) (plaintiff must demonstrate that "the speech was at least a substantial or motivating factor in the [adverse employment action]") (citation omitted); *Nagle v. Marron*, 663 F.3d 100,109 (2d Cir. 2011) ("To establish causation, a plaintiff must show that the protected speech was a substantial motivating factor in the adverse employment action") (citation omitted).

Defendants admit that "the Court's formulation of the 'motivating factor' element in the Draft Jury Charge accurately states the law as applied to the typical Section 1983 case. And that should dispose of the issue.

Nevertheless, the defense requests an additional instruction that is unnecessary based on case law that is inapposite. The defense is not akin to the fixing of one claim in *Greenwich Citizens*.

In *Greenwich Citizens*, the principal case relied upon by Defendants, the district court concluded that plaintiff's causal burden was satisfied where "the protected conduct was a 'but for' cause of the adverse state action committed by [Defendants]." *Greenwich Citizens Comm., Inc. v. Counties of Warren & Washington Indus. Dev. Agency*, 77 F.3d 26, 27-28 (2d Cir. 1996). As a result, it never properly instructed the jury on the "substantial or motivating" factor language—and a causal standard that required only "but for" causation was of course reversible error.

*Greenwich Citizens* is inapposite for the additional reason that the facts there involved a "unitary act"—the filing of a counterclaim in litigation that the plaintiff believed was done to improperly chill speech. Unlike *Greenwich Citizens*, this case does not involve a "unitary act"; rather, the record evidence demonstrates that Mr. Richardson was engaged in relevant protected activity as early as November 2009, when he emailed Ms. Etienne with a summary of the proposed legislation, and his protected activity continued through the legislation's enactment in July 2010. The record is replete with many protected acts and statements over that nine-month period. This was by no means a "unitary act." It is emphatically Plaintiff's contention that he was retaliated against because of this pattern of protected activity, and not only because of the protected activity that occurred in conversations between the parties on June 10-13, 2010.

Even the defense's version emphasizing the June 10-13 activity is not a "unitary act": They have invoked the June 10 luncheon conversation, the June 10 evening gala conversation, the follow-up phone calls, the alleged failure to pass on the OSC proposal. Therefore, *Greenwich Citizens* and its emphasis on a unitary act is inapposite here.[1]

The instruction as drafted is appropriate in light of the facts of the case. It will allow the jury to fairly do its job and determine whether Plaintiff's protected activity was a substantial or motivating factor in the adverse employment actions taken against him. An instruction requiring an additional showing of retaliatory intent would impose an unduly restrictive causal burden, and would serve to unfairly color the charge in favor of Defendants' view of the case.

---

[1] *Anemone v. Metro. Transp. Auth.* also provides no support for Defendants' contentions, as that case explicitly recognized the "substantial part" causal standard—and in any event was a case involving only one newspaper interview (a "unitary event") and a grant of summary judgment, and not a case about jury instructions. *Anemone v. Metro. Transp. Auth.*, 629 F.3d 97, 114 (2d Cir. 2011).

## II. The Special Verdict Form's Questions Will Enable the Court to Appropriately Decide the *Pickering* Issues

Defendants also challenge the Special Verdict Form, which asks whether Mr. Richardson's activity "interfered with Mr. Richardson's ability to invest funds on behalf of the Office of State Comptroller." Plaintiff submits this is an appropriate instruction because it precisely reflects the job function which Mr. Richardson had contracted with the government to perform. Defendants' proposed modifications to the language are improper, because they would improperly suggest to the jury that retaliation for the content of Mr. Richardson's speech on a matter of public concern was proper.

First, Defendants ask that the language concerning "ability to invest funds" be modified to "ability to function effectively as an asset manager for the Common Retirement Fund." But this introduces improper ambiguity and vagueness to the question. The task of an asset manager to the Common Retirement Fund is to invest funds—the question of whether an asset manager is "function[ing] effectively" is vague, devoid of context, and subjective. What constitutes relevant "ability" is for the jury to decide.

The same problem appears with Defendants' second proposed modification—which asks that the language be revised to end with " . . . was reasonably likely to interfere with Mr. Richardson's ability to function effectively as an asset manager for the Common Retirement Fund or disrupt his working relationships with people in the Comptroller's Office." Again, what "functioning effectively" means in the context of this case is hopelessly vague. And asking whether Mr. Richardson's protected activity "disrupt[ed] his working relationships with people in the Comptroller's Office" turns the inquiry on its head, because it could enable the jury to improperly believe that it was proper for Defendants' to retaliate against Mr. Richardson because they did not like the content of his speech concerning legislation they admit they did not support. Of course that cannot be the type of "disruption" that *Pickering* and its progeny proscribe. And, at any rate, all of the cases the defense cites are employee cases, not independent contractor cases, where the facts relevant to disruption are different.

Defendants third proposed modification is equally unwarranted. By asking the jury whether the activity would "likely" interfere, the Defendants seek again to improperly introduce subjectivity into what should be a straight-forward question about interference with relevant operations.

## III. Additional Factual Interrogatories Are Unwarranted

Defendants' argument for the inclusion of additional interrogatories is meritless. As Plaintiff described in his objections to Defendants' original proposed jury instructions, micro-managed, prolix, confusing submissions are of no assistance to the jury in its fact-finding mission. The defense is attempting to control the jury's deliberation process and to remove from the jury's province its right to exercise the discretion to determine which issues it chooses to give weight to in making its assessment on the issues to be decided. Nor does Plaintiff believe such questions would be useful to the Court. Defendants' revised proposed interrogatories regarding "Plaintiff's June 10 Conversation with Defendant Pratcher," and

"Plaintiff's Interactions with Defendant Etienne," appear to be merely a verbose re-hash of the questions the Court has already proposed at Questions 7(a) and 7(b) of the proposed special verdict form.

Defendants' proposed questions regarding "The OSC's June 21 Meeting with Legislators" should not be included. This court concluded in its summary judgment decision that "[n]o reasonable official would find Richardson unprofessional" on the (false) basis that he failed to provide the S.6888 sponsors with OSC's June 2 revisions of the bill. (Opinion and Order, filed Sept. 29, 2014 at 30-31 (Dkt. 77)). And, indeed, the evidence at trial has unquestionably shown that the Bill Sponsors did receive the June 2 OSC draft, and neither Defendant performed any investigation to determine whether the draft was in fact received before blaming Mr. Richardson for an alleged failure of transmission. There is simply no need propound factual questions on an issue that is not in any way probative of Mr. Richardson's interference with operations, nor supportive of any qualified immunity defense that Defendants seek to make.

Finally, the proposed questions in the section entitled "Defendants Motivations" are improper because they too narrowly define "First Amendment rights"—without separating them, as the Court has done, into questions pertaining to Mr. Richardson's right to speak, associate, and petition. And the questions in this section are also improper because they adopt Defendants' unnecessary phrasing regarding the *Pickering* balance, as described previously.

IV. **The Jury Should Not Be Instructed That Mr. Richardson's First Amendment Rights Are "Limited"**

Finally, for the reasons explained at yesterday's Court charge conference, Plaintiff objects to Defendants' position that the jury should be instructed that Mr. Richardson's first amendment rights are "limited," or that the statement in the charge explaining that Mr. Richardson as a government contractor enjoys First Amendment Rights should be removed. That Mr. Richardson, as a government contractor speaking as a citizen on a matter of public concern has First Amendment rights is clearly established. The instruction provides essential context to the jury's task with regard to the first element of Plaintiff's *prima facie* First Amendment case. Plaintiff submits it is proper.

Respectfully submitted,

/s/ John Siegal

John Siegal

cc:     Ira M. Feinberg, Esq.
        Theresa M. House, Esq.
        Patrick Dempsey, Esq.
        Richard Brodsky, Esq.
        Samir K. Ranade, Esq.
        (via email)