UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARRUS L. RICHARDSON,

Plaintiff,

- against -

TYSON PRATCHER and RAUDLINE ETIENNE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 10/15/15

12-cv-08451-JGK

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, between and among Plaintiff Tarrus Richardson and Defendants Tyson Pratcher and Raudline Etienne, that the above-captioned action, and all claims asserted therein, are hereby voluntarily dismissed with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, without payments, attorneys' fees, costs, disbursements, or expenses to any party as against the other, other than as set forth in the Settlement Agreement and Mutual Releases entered into by the parties and filed herewith as an exhibit to this Stipulation. However, if the Settlement Payment required by Section II of the Settlement Agreement and Mutual Releases is not made within the period set forth in that Section, this case will be reinstated upon application of Plaintiff, in accordance with the notice provision set forth in the Settlement Agreement, as long as such application is made within 90 days of the expiration of the period set forth in that Section.

1

Dated:  New York, New York
October 7, 2015

HOGAN LOVELLS US LLP

By: _____

Ira M. Feinberg
875 Third Avenue
New York, New York 10022
Tel:  212-918-3000
Fax:  212-918-3100
Email:  ira.feinberg@hoganlovells.com

*Attorneys for Defendants Tyson Pratcher
and Raudline Etienne*

BAKER & HOSTETLER LLP

By: _____

John Siegal
45 Rockefeller Plaza
New York, NY 10111
Tel.: (212) 589-4200
Fax: (212) 589-4201
Email: jsiegal@bakerlaw.com

*Attorneys for Plaintiff Tarrus Richardson*

**SO ORDERED:**

_____
JOHN G. KOELTL, U.S.D.J.

10/15/15

2

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This is an agreement and mutual release (the "Settlement Agreement") between TARRUS RICHARDSON ("Plaintiff"), on the one hand, and TYSON PRATCHER ("Pratcher") and RAUDLINE ETIENNE ("Etienne") (together with Pratcher, "Defendants"), on the other hand, (collectively, the "Parties," and at times individually, a "Party") to settle and discontinue litigation in the case of *Tarrus L. Richardson v. Tyson Pratcher and Raudline Etienne*, Docket No. 1:12-CV-08451 (JGK), pending in the United States District Court for the Southern District of New York (the "Litigation" or the "Lawsuit"). The Litigation was initiated by Plaintiff's filing of a Complaint, dated November 19, 2012, alleging that Defendants violated the Constitution and laws of the United States by depriving Plaintiff of his First Amendment rights, in violation of 42 U.S.C. § 1983, and also alleging related claims under state law. Defendants filed Answers denying the allegations in the Complaint. Liability discovery was ordered and completed. Defendants then filed a Motion for Summary Judgment, which was opposed by Plaintiff. On September 29, 2014, United States District Court Judge John G. Koeltl issued an Opinion and Order denying Defendants' motion as to Plaintiff's claims under federal law, but dismissing some of his state law claims. Damages discovery was then ordered and completed. On April 20, 2015, a jury trial commenced before Judge Koeltl. On May 8, 2015, the jury rendered a verdict in favor of Plaintiff on his claims under federal law, and awarded him approximately $10.9 million against Defendant Pratcher and approximately $7.2 million against Defendant Etienne. Defendants thereafter filed post-trial motions challenging the jury's verdict on legal grounds. Plaintiff opposes these motions, which have been briefed and argued but not yet decided by the Court. Defendants also have the right to appeal any judgment against them to the United States Court of Appeals, and believe that they have substantial grounds for appeal. Plaintiff disputes that Defendants have any valid grounds for appeal.

In consideration of the foregoing recitals and the mutual promises and agreements contained herein, the Plaintiff TARRUS L. RICHARDSON and the Defendants TYSON PRATCHER and RAUDLINE ETIENNE agree to the complete settlement and discontinuance of this Litigation with prejudice, on the following terms and conditions:

## I.     Settlement, Dismissal with Prejudice, and Mutual General Releases

Plaintiff and Defendants agree that, pursuant to the conditions and obligations of this Settlement Agreement, the Litigation is hereby settled and shall be discontinued with prejudice, including all pending motions and any potential appeals.

Dismissal With Prejudice.     Simultaneously with the delivery of this Settlement Agreement signed by Plaintiff to Hogan Lovells US LLP (875 Third Avenue, New York, New York 10022, Attn: Ira M. Feinberg, Esq.) ("Hogan Lovells"), Plaintiff shall cause his attorney, John Siegal, Esq. ("Siegal"), to execute and deliver to Mr. Feinberg a Stipulation of Dismissal with Prejudice in the form annexed hereto as Exhibit A. The Stipulation of Dismissal with Prejudice shall provide for dismissal with prejudice of all claims asserted in the Lawsuit. Mr. Feinberg will then have the Defendants sign this Settlement Agreement, will sign the Stipulation of Dismissal with Prejudice on behalf of Defendants, and will return the fully executed documents to Mr. Siegal. Within two (2) business days of receipt of a fully executed copy of this Settlement Agreement and the Stipulation of Dismissal with Prejudice, Plaintiff shall cause Mr.

Siegal to file the Stipulation of Dismissal with Prejudice in the Lawsuit, with an executed copy of this Settlement Agreement as an exhibit, and request that the Court so order it. Plaintiff also agrees to take whatever additional actions are necessary to ensure that the Lawsuit is dismissed in its entirety and with prejudice, in accordance with the Stipulation of Dismissal with Prejudice.

Mutual General Releases. Upon the Effective Date of this Settlement Agreement (as defined below), this Settlement Agreement shall operate as a general release by Plaintiff, on behalf of himself, all family members, any business entity in which he or they may have an interest, and all successors and assigns of any of them, of the Defendants and any of their successors or assigns for any and all claims and causes of action, of every kind and nature whatsoever, that Plaintiff, any family members, any such business entity, or any successors and assigns of any of them, has or may have at this time against Defendants or any of their successors or assigns, whether such claims and causes of action are known or unknown, accrued or not yet accrued, including all claims and causes of action arising out of the events and circumstances which gave rise to the Litigation and any claims and causes of action relating to the conduct of the Litigation. Similarly, upon the Effective Date of this Settlement Agreement, this Settlement Agreement shall operate as a general release of Plaintiff for any and all claims and causes of action that Defendants and any of their successors and assigns have or may have at this time against Plaintiff or any of his successors or assigns, whether such claims and causes of action are known or unknown, accrued or not yet accrued, including all claims and causes of action that Defendants and any of their successors and assigns have or may have against Plaintiff arising out of the events and circumstances which gave rise to this Litigation and any claims and causes of action relating to the conduct of the Litigation.

## II.      Payment to Plaintiff

Settlement Payment. In consideration for the promises and general releases contained herein, and Plaintiff's continued compliance with the terms and conditions of this Settlement Agreement, the State of New York (the "State") will provide Plaintiff with a check payable to "Tarrus Richardson" in the amount of $15,000,000 (the "Settlement Payment"). The amount of this Settlement Payment has been determined as follows:

- a. $7,200,000 in settlement of any claim for damages that Plaintiff may have against Pratcher;

- b. $4,800,000 in settlement of any claim for damages that Plaintiff may have against Etienne; and

- c. $3,000,000 for attorneys' fees and expenses that Plaintiff incurred in pursuing the Litigation.

Other than the Settlement Payment, Plaintiff shall not be entitled to any other payment from any source, including but not limited to the State, Pratcher, or Etienne, in connection with the facts alleged in the Lawsuit.

Approval. The payment referenced above in this Section II is subject to the approval of all appropriate state officials in accordance with Section 17 of the New York Public Officers Law, and is contingent upon the Plaintiff's executing and delivering this Settlement Agreement,

2

the Stipulation of Dismissal with Prejudice identified in Section I, the New York State Standard Voucher for payment and any other documents necessary to process the Settlement Payment, and the Court "So Ordering" the Stipulation of Dismissal with Prejudice attached hereto as Exhibit A. Defendants agree to take all appropriate steps to facilitate the State's issuance of the Settlement Payment. Plaintiff agrees to take whatever additional actions are necessary to permit the State to issue the Settlement Payment.

Timing and Delivery of Settlement Payment. The Settlement Payment shall be made within forty (40) business days after the receipt by the New York State Department of Law of a "So Ordered" copy of the Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A, and the executed New York State Standard Voucher for payment. The Settlement Payment shall be transmitted to the attention of John Siegal, Esq., at Baker & Hostetler LLP, 45 Rockefeller Plaza, New York, New York 10111.

Restoration of Lawsuit. If the Settlement Payment has not been made within the period identified in this Section, Plaintiff has the right to revoke this Settlement Agreement and may reinstitute the Lawsuit against Defendants in accordance with the Stipulation of Dismissal with Prejudice. If the Settlement Payment has not been made within the period identified in this Section, and Plaintiff elects to revoke this Settlement Agreement and reinstate the Lawsuit: (a) this Settlement Agreement shall become null, void, and of no further force and effect; (b) Defendants agree that they will not raise any defense based on the statute of limitations or the passage of time, or any other defense to reinstatement of the Lawsuit; and (c) the Parties agree that the case will proceed under the same case number and as if this Settlement Agreement had not been executed and the Stipulation of Dismissal with Prejudice had not been entered.

## III. Allocation of Settlement Payment

The Parties agree that the Settlement Payment required by Section II of this Settlement Agreement is reasonably allocated as set forth in Exhibit B attached hereto.

## IV. Non-Disparagement

The Parties to this Settlement Agreement will not engage in, participate in, support, or encourage any action or make any statement which defames, disparages, or otherwise criticizes the personal or business conduct, reputation, or practices of any other Party, including their conduct with respect to the events which gave rise to this Litigation or the conduct of this Litigation. The Parties agree to the issuance of the Authorized Statements set forth in Section VII below. All Parties may respond truthfully to any subpoena, discovery request, court order, or other legal process seeking testimony. Any Party may also truthfully make any disclosures required to satisfy professional disclosure (including but not limited to investor due diligence responses) or regulatory requirements, and may defend himself or herself before any public body in response to any allegations of misconduct with respect to the events which gave rise to this Litigation or any other subject. The Parties acknowledge the existence of the public docket and the documents publicly filed in the Litigation, as well as the public trial transcript, and may use, discuss, or confirm the existence of such docket, documents, and trial transcript, as long as such use, discussion, or confirmation is done in a truthful and factual manner and is consistent with the non-disparagement and non-publicity provisions of Sections IV and V of this Settlement

3

Agreement.

## V. Non-Publicity

The Parties to this Settlement Agreement will take no action, including but not limited to actions which compensate, support, or encourage others to take action, with the purpose, intent, or foreseeable result of soliciting publicity through the news media, social media, or industry publications about this Litigation, this Settlement Agreement or its terms, or the conduct of any Party during 2009 and 2010 with respect to the events which gave rise to this Litigation.

## VI. Material Breach; Injunctive Relief

The Parties acknowledge that Sections IV and V, above, are each substantial, material factors inducing each Party's execution of this Settlement Agreement, and that any breach of either Section IV or Section V would be a material breach of this Settlement Agreement. In the event that any Party violates any portion of Section IV or Section V herein, any Court hearing an action to enforce this Settlement Agreement may order injunctive relief against him or her to prevent, mitigate, and remedy the breach, including but not limited to an order requiring the Party to issue corrective statements acceptable to all Parties.

## VII. Authorized Statements

If asked by anyone about the Lawsuit or the allegations underlying it, any Party may state that the matter has been settled to the Parties' mutual satisfaction, or words to that effect.

If asked by the media about the Lawsuit or the allegations underlying it, any Party may also issue the following Authorized Statement:

> "Tarrus Richardson, Tyson Pratcher, and Raudline Etienne have entered into an agreement to settle and discontinue ongoing litigation in the United States District Court for the Southern District of New York concerning events in 2009 and 2010. All parties are pleased that there is no longer a need to pursue litigation. All parties will resume their professional activities, and move forward in the spirit of the agreement to settle and discontinue the litigation."

## VIII. No Admission

The Parties acknowledge the jury verdict rendered on May 8, 2015 and that the resolution of Plaintiff's claims in the Litigation are subject to pending motions, which are undecided, and are subject to Defendants' right to appeal. The Parties maintain their separate and distinct positions on the issues of liability and damages. The Parties accordingly acknowledge and agree that this Settlement Agreement does not constitute an admission of liability or wrongdoing of any nature whatsoever by any Party. Furthermore, this Settlement Agreement shall not be used as evidence of any liability or wrongdoing for any purpose whatsoever, except as may be necessary to enforce the terms and conditions of this Settlement Agreement.

4

## IX.     No "Prevailing Party"

Neither Plaintiff nor either of the Defendants shall be deemed a "prevailing party" for purposes of any statutory claim based upon "prevailing party" status with respect to the Lawsuit.

## X.     Effective Date

For the purposes of this Settlement Agreement, the "Effective Date" is defined as the latest date of execution by a Party hereto.

## XI.     Attorneys' Fees

The Parties agree that, except to the extent otherwise set forth in this Settlement Agreement, Plaintiff is responsible for his own attorneys' fees, expenses, and costs associated with the Lawsuit, including, but not limited to, the fees, expenses, and costs incurred in the negotiation, execution, delivery, and performance of this Settlement Agreement, and in the consummation of all transactions contemplated hereby.

## XII.     Plaintiff's Responsibility for Taxes/Indemnification/Liens

Plaintiff agrees that any taxes due on the Settlement Payment required by Section II herein, and any interest or penalties due on such taxes, shall be the sole and complete responsibility of Plaintiff. Plaintiff shall have no claim, right, or cause of action against the State and/or against the Defendants on account of such taxes, interest, or penalties. In the event that any taxing authority, or any other federal, state, or local government, administrative agency, or court, issues a final determination with respect to a claim or proceeding that the State and/or the Defendants are liable for the failure of Plaintiff to pay federal, state, or local income taxes, or any other taxes, with respect to any portion of the Settlement Payment referred to in Section II, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify the State and/or the Defendants for such liability, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by the State and/or the Defendants.

Plaintiff further agrees that neither the Defendants nor the State shall be responsible for any liens of any kind (including but not limited to any workers' compensation, tax, unemployment insurance, or child support liens) which may attach to the Settlement Payment required by Section II herein. Plaintiff shall have no claim, right, or cause of action against the State and/or against the Defendants on account of such liens. Plaintiff agrees that he will defend, indemnify, and hold harmless the State and/or the Defendants for the satisfaction of any such liens.

## XIII.     Modification/Waiver

No waiver, amendment, or modification of this Settlement Agreement shall be effective unless in writing and signed by the Party against whom the waiver, amendment, or modification is sought to be enforced. No breach of any provision hereof can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. No failure or delay by any Party in

5

exercising any right, power, or remedy under this Settlement Agreement shall operate as a waiver of the right, power, or default of this Settlement Agreement or shall be construed as a waiver of any other term, condition, or default.

## XIV.       Integration Clause

This Settlement Agreement, together with the attached exhibits as listed below, which constitute part of this Settlement Agreement and are incorporated by reference as though fully set forth herein, contains the entire agreement of the Parties, and supersedes and replaces all negotiations and all previous oral or written representations or agreements between the Parties. This Settlement Agreement shall not be supplemented by parol evidence.    Each Party acknowledges that, in entering into this Settlement Agreement, he or she is not relying upon any statement, representation, information, or documents from any other Party other than as set forth in this Settlement Agreement. Each Party further acknowledges that he or she has read this Settlement Agreement and has signed it freely and voluntarily, without reliance on any representations made by any other Party, or his or her attorneys or representatives, other than as expressly set forth herein.

**Exhibit A:  Stipulation of Discontinuance With Prejudice**

**Exhibit B:  Allocation of Payment to Plaintiff**

**Exhibit C:  Additional Terms**

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Settlement Agreement, accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to become effective immediately upon execution by all of the Parties below.

TARRUS RICHARDSON

Date:           October 8                    , 2015

TYSON PRATCHER

Date:           October 8               , 2015

6

exercising any right, power, or remedy under this Settlement Agreement shall operate as a waiver of the right, power, or default of this Settlement Agreement or shall be construed as a waiver of any other term, condition, or default.

## XIV.    Integration Clause

This Settlement Agreement, together with the attached exhibits as listed below, which constitute part of this Settlement Agreement and are incorporated by reference as though fully set forth herein, contains the entire agreement of the Parties, and supersedes and replaces all negotiations and all previous oral or written representations or agreements between the Parties. This Settlement Agreement shall not be supplemented by parol evidence.    Each Party acknowledges that, in entering into this Settlement Agreement, he or she is not relying upon any statement, representation, information, or documents from any other Party other than as set forth in this Settlement Agreement. Each Party further acknowledges that he or she has read this Settlement Agreement and has signed it freely and voluntarily, without reliance on any representations made by any other Party, or his or her attorneys or representatives, other than as expressly set forth herein.

**Exhibit A: Stipulation of Discontinuance With Prejudice**

**Exhibit B: Allocation of Payment to Plaintiff**

**Exhibit C: Additional Terms**

IN WITNESS WHEREOF, the Parties hereto acknowledge that they have read this Settlement Agreement, accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to become effective immediately upon execution by all of the Parties below.

TARRUS RICHARDSON

Date:          October 8                    , 2015

TYSON PRATCHER

Date:                                        , 2015

6

RAUDLINE ETIENNE

Date: _____ Ocħber 8 _____, 2015

7

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TARRUS L. RICHARDSON,                         )
                                              )
              Plaintiff,                       )
                                              )
       - against -                            )    12-cv-08451-JGK
                                              )
TYSON PRATCHER and RAUDLINE ETIENNE,          )
                                              )
              Defendants.                      )
                                              )

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, between and among Plaintiff Tarrus Richardson and Defendants Tyson Pratcher and Raudline Etienne, that the above-captioned action, and all claims asserted therein, are hereby voluntarily dismissed with prejudice, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, without payments, attorneys' fees, costs, disbursements, or expenses to any party as against the other, other than as set forth in the Settlement Agreement and Mutual Releases entered into by the parties and filed herewith as an exhibit to this Stipulation. However, if the Settlement Payment required by Section II of the Settlement Agreement and Mutual Releases is not made within the period set forth in that Section, this case will be reinstated upon application of Plaintiff, in accordance with the notice provision set forth in the Settlement Agreement, as long as such application is made within 90 days of the expiration of the period set forth in that Section.

1

Dated: New York, New York
       October ___, 2015

HOGAN LOVELLS US LLP                    BAKER & HOSTETLER LLP

By:_____            By:_____
    Ira M. Feinberg                         John Siegal
    875 Third Avenue                        45 Rockefeller Plaza
    New York, New York 10022                New York, NY 10111
    Tel: 212-918-3000                       Tel.: (212) 589-4200
    Fax: 212-918-3100                       Fax: (212) 589-4201
    Email: ira.feinberg@hoganlovells.com    Email: jsiegal@bakerlaw.com

    *Attorneys for Defendants Tyson Pratcher*    *Attorneys for Plaintiff Tarrus Richardson*
    *and Raudline Etienne*

**SO ORDERED:**

_____
JOHN G. KOELTL, U.S.D.J.

2

## **EXHIBIT B**

## **ALLOCATION OF PAYMENT TO PLAINTIFF**

The Parties agree that the Settlement Payment to Plaintiff required by Section II of this Settlement Agreement is reasonably allocated as follows:

$6,840,000    Payment of back pay, front pay, and lost fee income (57% of the payment for alleged damages required by Section II of this Settlement Agreement)

$5,160,000    Sale or exchange of Plaintiff's carried interest in ICV Associates fund vehicles (43% of the payment for alleged damages required by Section II of this Settlement Agreement)

$3,000,000    To reimburse Plaintiff for the attorneys' fees, costs and expenses that he reasonably incurred in pursuing this Litigation

## EXHIBIT C

## ADDITIONAL TERMS

### A.    Matters Not Released.

Notwithstanding anything to the contrary herein, nothing in this Settlement Agreement is intended to or shall be construed as releasing any claim (a) arising from any obligation created by this Settlement Agreement, or (b) arising from any representation or warranty set forth in this Settlement Agreement.

### B.    Authorization.

By signing in the spaces provided in this Settlement Agreement, each Party represents that: he or she has full authority to enter into this Settlement Agreement and to give the releases herein; that any person executing this Settlement Agreement in a representative capacity is empowered and authorized to do so and to bind the individual or entity on whose behalf he or she signs; and that any approval required for the execution of this Settlement Agreement has been obtained.

### C.    No Other Owner of Released Matters.

Plaintiff warrants and represents that he is the sole owner of the matters which he has released herein. Plaintiff further warrants and represents that he has not previously assigned or transferred, or purported to assign or transfer to any person whatsoever not a party to this Settlement Agreement the matters which he has released herein, or any part or portion thereof. Plaintiff shall indemnify and hold harmless the Defendants against any claim, demand, damage, debt, liability, account, reckoning, obligation, cost, expense, lien, action, or cause of action (including the payment of reasonable attorneys' fees and costs actually incurred, whether or not litigation is commenced) based on, in connection with, or arising out of any assignment or transfer or purported or claimed assignment or transfer of the matters released herein.

### D.    Final Accord and Satisfaction.

This Settlement Agreement and the releases contained herein are intended to be final and binding between the Parties hereto and are further to be effective as a full and final accord and satisfaction between the Parties hereto as of the time of the signing of this Settlement Agreement, and each Party expressly relies on the finality of this Settlement Agreement as a substantial, material factor inducing the Parties' execution of this Settlement Agreement.

### E.    Binding Effect.

This Settlement Agreement is binding upon the Parties and their respective successors, assigns, heirs, executors, trustees, and administrators.

## F. Construction of Settlement Agreement.

This Settlement Agreement is deemed to have been drafted jointly by the Parties. Any uncertainty or ambiguity shall not be construed for or against either Party based on attribution of drafting by either Party.

## G. Headings.

The section headings in this Settlement Agreement are included for purposes of convenience only, and shall not affect the construction or interpretation of any of its provisions, or in any manner limit or define any of the rights, responsibilities, duties, or liabilities of any of the Parties as set forth in any of the sections in this Settlement Agreement.

## H. Counterparts.

This Settlement Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be deemed an original, and such counterparts together shall constitute one instrument. A facsimile or scanned signature transmitted by counsel for a Party shall have the same evidentiary effect as an original signature.

## I. Benefit of Counsel.

Each Party acknowledges that he or she has read and understands each of the provisions set forth herein, that he or she has had the opportunity to consult with counsel of his or her own choice in connection with the negotiation and preparation of this Settlement Agreement and to have each of the provisions set forth herein fully explained by such counsel, and that he or she enters into this Settlement Agreement freely, voluntarily, and without any coercion, duress, or undue influence of any nature by or on behalf of any person or entity. Each Party further acknowledges and agrees that, in entering into this Settlement Agreement, he or she fully assumes the risk of any mistake of fact or law; accordingly, if any Party subsequently discovers that his or her understanding of any pertinent fact or law was or is in any manner incorrect or mistaken, then that Party shall not be entitled to any relief in connection with that mistake, including, without limitation, any right to terminate, revoke, set aside, or rescind this Settlement Agreement. Each Party acknowledges and agrees that this Settlement Agreement is intended to be, and is, final and binding according to its terms, regardless of any claim of a mistake of fact or law. The Parties hereto acknowledge that they have been represented by counsel of their own choice throughout all negotiations that preceded the execution of this Settlement Agreement and that this Settlement Agreement was executed with the consent and on the advice of such legal counsel.

## J. Severability.

If part of this Settlement Agreement is held unenforceable or invalid by a court of competent jurisdiction, but the substance and spirit of the Settlement Agreement can be carried out without the part held unenforceable or invalid, such judgment shall not affect the

ii

enforceability of the other parts of this Settlement Agreement or the total of this Settlement Agreement.

## K.     Notice, Cure, and Remedies.

In the event that a Party to this Settlement Agreement concludes that the other Party has breached any provision of this Settlement Agreement (a "Breach"), the Party asserting the Breach is hereby obliged to provide a formal written notice as set forth herein to the other Party, describing in reasonable detail the conduct asserted to constitute the Breach and setting forth the legal basis for the conclusion that such conduct constitutes a Breach.  Such notice shall be sent by electronic mail, with a follow up hard copy by overnight delivery.  The Party receiving such notice shall have seven (7) days from receipt of the emailed notice to take all reasonable steps within his or her control to cure the noticed Breach.  The Party asserting the Breach shall not initiate any action or proceeding in any forum arising from or related to such Breach until the eighth day after such notice is emailed in keeping with this Settlement Agreement, and only in the event that the Party receiving such notice fails to cure the asserted Breach.

All notices and communications contemplated by this Settlement Agreement to Plaintiff shall be sent to:

Tarrus L. Richardson
IMB Development Corporation
55 Exchange Place
Suite 501
New York, NY 10005

With a copy to:

John Siegal, Esq.
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
Tel:  (212) 589-4200
Fax:  (212) 589-4201
Email: jsiegal@bakerlaw.com

and

Richard Brodsky, Esq.
2121 Saw Mill River Road
White Plains, NY 10607
Tel:  (914) 720-8830
Fax:  (914) 592-2388
Email: RichardBrodsky@MSN.com

All notices and communications contemplated by this Settlement Agreement to Pratcher shall be sent to:

Tyson Pratcher
2172 Ellery Ave.
Fort Lee, NJ 07024

With a copy to:

Ira M. Feinberg, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3509
Fax: (212) 918-3100
Email: ira.feinberg@hoganlovells.com

All notices and communications contemplated by this Settlement Agreement to Etienne shall be sent to:

Raudline Etienne
2235 Frederick Douglass Blvd.
Apt. 8-D
New York, NY 10027

With a copy to:

Ira M. Feinberg, Esq.
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Tel: (212) 918-3509
Fax: (212) 918-2509
Email: ira.feinberg@hoganlovells.com

## L.    Choice of Law.

This Settlement Agreement and all disputes arising from it shall be construed and enforced in accordance with and governed by applicable federal law and the laws of the State of New York without regard to its choice of law provisions.

## M.    Jurisdiction.

The Parties agree that (1) the United States District Court for the Southern District of New York has exclusive jurisdiction over any action regarding the implementation, enforcement,

and performance of this Settlement Agreement, and over the Parties for purposes of such litigation; and (2) that Court has federal question and/or diversity subject matter jurisdiction over such litigation. However, if for any reason that Court rules or is held to lack jurisdiction, the Parties agree that the Supreme Court of the State of New York, New York County, shall have jurisdiction to address any action relating to the implementation, enforcement, and performance of this Settlement Agreement. The Parties further agree that each Party consents to personal jurisdiction in the State of New York for the purpose of any such litigation.

## N.    Other Documents.

The Parties agree that, upon reasonable request by the other Party, he or she will execute, deliver, and, as necessary, file any and all other and further documents as may be necessary in order to carry out or give full force and effect to the provisions of this Settlement Agreement, without charge therefor.

## O.    Survival of Settlement Agreement.

This Settlement Agreement shall be binding on, inure to the benefit of, and be enforceable by the Parties hereto and their respective successors, assigns, heirs, executors, trustees, and administrators.